DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Lucas County Court of Common Pleas wherein appellant, Thomas Embry, was found guilty of felonious assault in violation of R.C.2903.11(A)(1). Appellant's counsel has submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, 18 L.Ed.2d 493. In support of his request, counsel for appellant states that, after carefully reviewing the transcript and record of proceedings in the trial court, and after researching case law and statutes relating to potential issues, he was unable to find any arguable issues on appeal. Counsel for appellant does, however, set forth the following potential assignment of error:
 {¶ 2} "Defendant Appellant's sentence should be reversed as the trial court failed to comply with the mandates of R.C.2919.14 and they are not supported by the record."
 {¶ 3} Anders, supra, and State v. Duncan (1978),57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 4} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. Accordingly, this court shall proceed with an examination of the potential assignment of error set forth by counsel for appellant and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 5} The facts giving rise to this appeal are as follows. In 2002, Vanessa Ferguson began dating appellant, Thomas Embry. On September 21, 2002, Ferguson and appellant traveled to various locations where appellant smoked crack cocaine. Their last stop was to the apartment of appellant's friend, Greta Pettaway. Ferguson and appellant got into an argument and appellant began beating Ferguson. Pettaway testified that she saw appellant hit and kick Ferguson repeatedly. Pettaway testified that another man at the house had to spray mace on appellant to get him to stop beating Ferguson. She eventually lost consciousness. As a result of the beating, Ferguson sustained severe head and facial injuries.
 {¶ 6} On November 1, 2002, appellant was indicted on one count of felonious assault, a violation of R.C. 2903.11(A)(1) and a felony of the second degree. A jury found him guilty on April 2, 2003. He was sentenced to serve seven years in prison.
 {¶ 7} The potential assignment of error raised in counsel'sAnders brief concerns whether, in sentencing appellant, the trial court should have imposed the shortest term authorized. As discussed above, appellant was convicted of a second-degree felony, which involves a possible prison term of two, three, four, five, six, seven or eight years. R.C. 2929.14(A)(2). R.C.2929.14(B) provides that when a trial court imposes a prison term for a felony conviction:
 {¶ 8} "[T]he court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 9} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 10} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 11} In sentencing appellant to seven years in prison, the trial judge specifically stated on the record that appellant had previously served a prison term. Accordingly, appellate counsel's potential assignment of error is without merit.
 {¶ 12} Appellant, pro se, has submitted a brief setting forth three arguments. Appellant first argues that the court erred in sentencing him in violation of Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. This court, however, has repeatedly held that the Blakely protections of a defendant's right to trial by jury are not implicated under Ohio's sentencing scheme and that Blakely applies only when the maximum sentence in the available range for an offense has been exceeded which, under Ohio law, simply does not occur. State v.Curlis, 6th Dist. No. WD-04-032, 2005-Ohio-1217. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 13} Appellant next contends that the court erred in considering his prior prison terms for aggravated burglary and robbery in that those offenses are different from the offense in the instant case. Appellant also contends that the court erred in considering prior prison terms that were served for offenses committed more than five years before he was convicted of assaulting Vanessa Ferguson.
 {¶ 14} R.C. 2929.14(B) does not require the trial judge to differentiate between prior prison terms. For purposes of the statute, what matters is that appellant has previously spent time in prison. The trial judge properly considered this factor in sentencing appellant. Appellant's second assignment of error is found not well-taken.
 {¶ 15} In his third assignment of error, appellant contends that the trial court erred in sentencing him when the trial court failed to impose post-release control sanctions. Under R.C.2967.28(B), each sentence imposing a prison term for certain offenses — including second-degree felonies — "shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment." The Ohio Supreme Court inState v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, paragraph one of the syllabus, stated "[W]hen sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about post-release control and is further required to incorporate that notice into its journal entry imposing sentence."
 {¶ 16} In this case, the trial judge made no mention of post-release control sanctions either at the sentencing hearing or in the judgment entry. Accordingly, we find appellant's third assignment of error well-taken. Generally, under Anders, we would appoint new appellate counsel for appellant to brief and argue the issue of post-release control. However, the record of this cause fails to disclose any evidence showing that the trial court complied with R.C. 2967.28(B). Consequently, we may take immediate action. State v. McGhee, 4th Dist. No. 04CA15,2005-Ohio-1585, at ¶ 73; State v. Meyer, 6th Dist. No. WM-03-008, 2004-Ohio-5229, at ¶ 75. See, also, State v.Shannon, 12th Dist. No. CA2003-02-005, 2004-Ohio-1866, at ¶ 4
(finding plain error in sentencing and taking immediate action to remedy the situation.).
 {¶ 17} We hereby grant appellate counsel's motion to withdraw as counsel and instruct the trial court to appoint new counsel to represent appellant at re-sentencing. On consideration whereof, the decision of the Lucas County Court of Common Pleas is affirmed in part and reversed in part. This matter is remanded to the trial court for resentencing consistent with the requirements of R.C. 2967.28(B). Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED, IN PART AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Singer, P.J. Parish, J. concur.