DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Fulton County Court of Common Pleas, wherein, appellant, Dennis Krauss, pled guilty to two counts of sexual battery, which are both violations of R.C. 2907.03(A)(5) and felonies of the third degree.
 {¶ 2} On March 22, 2004, the trial court sentenced appellant to three years in prison on one count of sexual battery and to two years in prison on the second count of sexual battery. The court further ordered that the sentences were to be served consecutively. On July 6, 2005, appellant filed a motion for a delayed criminal appeal pursuant to App.R. 5(A). This court found appellant's motion well-taken and appointed counsel for the purposes of this appeal.
 {¶ 3} Appellant's appointed counsel subsequently submitted a request to withdraw as appellate counsel pursuant to Anders v.California (1967), 386 U.S. 738. Counsel asserts that after thoroughly examining the record from the proceedings below and researching the applicable law, she can find no possible grounds for an appeal. However, counsel for appellant asserts, in compliance with the mandates of Anders, two potential assignments of error:
 {¶ 4} "Whether the defendant's plea was entered into knowingly and voluntarily. [sic]"
 {¶ 5} "Whether the court erred when it sentenced the defendant to serve consecutive sentences. [sic]"
 {¶ 6} Appellant fails to make any arguments under these assignments of error and fails to offer any facts to support its assignments.
 {¶ 7} Anders and State v. Duncan (1978),57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders at 744, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous she should so advise the court and request permission to withdraw. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish her client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. State v. Boudreau, 6th Dist. No. L-04-1277, 2005-Ohio-3351, at ¶ 6. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 8} In the case before us, appointed counsel for appellant satisfied the requirements set forth in Anders. Although notified by appellate counsel, appellant did not file a pro se brief. Accordingly, we shall proceed with an examination of the arguable assignments of error set forth by counsel for appellant and of the entire record below in order to determine whether this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 9} Appellant was initially indicted on four counts of sexual battery based upon alleged sexual conduct with two of his foster daughters, who were minors at the time of the purported acts. After pleading not guilty to all four charges, appellant reached an agreement with appellee, the state of Ohio. Under the terms of this plea agreement, appellant pled guilty to two of the charges of sexual battery and the state agreed to dismiss the other two counts.
 {¶ 10} In his first potential assignment of error, appellant asserts that his entry of a guilty plea was not intelligent, knowing, and voluntary.
 {¶ 11} Due process requires that a guilty plea be made "knowingly, intelligently, and voluntarily." State v. Engle
(1996), 74 Ohio St.3d 525, 526. If a criminal defendant claims that his guilty plea was not knowingly, voluntarily, and intelligently made, the appellate court must review the totality of the circumstances in order to determine whether or not the defendant's claim has merit. State v. Nero (1990),56 Ohio St.3d 106, 107.
 {¶ 12} To ensure that a plea is made knowingly and intelligently, a trial court is required to engage in oral dialogue with the defendant in accordance with Crim.R. 11(C)(2).Engle, 74 Ohio St.3d at 527. Pursuant to Crim.R. 11(C)(2), a trial court cannot accept a plea of guilty without first addressing the defendant personally and doing all of the following:
 {¶ 13} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 14} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 15} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 16} In the case under consideration, a review of the change of plea hearing reveals that the trial court did fully satisfied the requisites of Crim.R. 11(C). Specifically, the court inquired as to appellant's educational background, his age, whether he spoke and understood English, whether he was "promised" anything in exchange for the guilty plea, whether appellant had any alcohol or drug problems, and whether threats were used to coerce him into pleading guilty. The court also informed appellant of the maximum sentence, five years, for a felony of the third degree. The trial court further engaged appellant in a colloquy relative to the effect of his guilty plea and discussed the waiver of his constitutional rights, that is, his right to a jury trial, his right to confront witnesses against him, and his right to compel witnesses to testify on his behalf. Accordingly, first appellant's potential assignment of error, lacks arguable merit.
 {¶ 17} Appellant's second potential assignment of error contends that the trial court erred when it imposed consecutive sentences on appellant. A reading of the trial court's sentencing entry shows that the trial court imposed both nonminimum and consecutive sentences. Thus, under prior law, the trial court was required to follow State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165. In Comer, the Supreme Court held that a trial court must, on the record at the sentencing hearing, articulate one of two "findings"[1] for imposing nonminimum sentences on a defendant who never served a prison term. Id. at ¶ 26. Former law also required a court to, at the sentencing hearing, make the requisite findings, and the reasons for those findings, in imposing consecutive sentences. Id. at ¶ 20.
 {¶ 18} In reviewing the sentencing hearing transcript, we find that the trial court followed the mandate set forth inComer in imposing nonminimum sentences by stating the necessary findings. The court also stated the mandated findings, as set forth in R.C. 2929.14(E)(4), for the imposition of consecutive sentences on the record. Prior to imposing sentence, the trial court expressed its reasons for imposing consecutive sentences. Therefore, the trial court did not err in applying former statutory law.
 {¶ 19} However, in light of the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, appellant's second assignment of error has merit. In Foster,
the Ohio Supreme Court applied Blakely v. Washington (2004),542 U.S. 296, and Apprendi v. New Jersey (2000), 530 U.S. 466
and determined that R.C. 2929.14(B), (B)(2), (C), and (E)(4) violate the Sixth Amendment to the United States Constitution. Id. at paragraphs one and three of the syllabus. With respect to cases pending on direct review, where a trial court relies on any of these unconstitutional statutes when imposing a sentence, the sentence is deemed void, must be vacated, and the matter must be remanded to the trial court for a new sentencing hearing.Foster at ¶ 103 and ¶ 104. Because the trial court relied on these particular unconstitutional statutes in sentencing appellant, appellant's second assignment of error is found well-taken.[2]
 {¶ 20} Although appellant does not list a third assignment of error under the "Table of Contents," he asserts a third assignment in the body of his brief. Because we are required to independently review the entire record of this case for error, we shall address the third issue raised by appellant. Therein, appellant urges that his trial counsel was ineffective.
 {¶ 21} The United States Supreme Court devised a two prong test to determine ineffective assistance of counsel. Stricklandv. Washington (1984), 466 U.S. 668, 687. In order to demonstrate ineffective assistance of counsel, an accused must satisfy both prongs. Id. First, the defendant must show that his trial counsel's performance was so deficient that the attorney was not functioning as the counsel guaranteed by the Sixth Amendment of the United States Constitution. Id. Second, he must establish that counsel's "deficient performance prejudiced the defense." Id. The failure to prove any one prong of the Strickland two-part test makes it unnecessary for a court to consider the other prong. State v. Madrigal, 87 Ohio St.3d 378, 389, 2000-Ohio-448, citing Strickland at 697. In Ohio, a properly licensed attorney is presumed competent. State v. Lott (1990),51 Ohio St.3d 160, 174.
 {¶ 22} Here, appellant fails to point out any deficiency on the part of trial counsel. We have, as required by Anders,
thoroughly examined the record of the cause and could not discern any failure of counsel in the duties he owed to appellant. We must, therefore, find appellant's third argument without merit.
 {¶ 23} Moreover, upon further independent review of the record, we conclude that there are no other grounds for a meritorious appeal. Appellate counsel's motion to withdraw is found well-taken and is hereby granted. Generally, pursuant toAnders, we would appoint new appellate counsel for the purpose of arguing sentencing under Foster. Nevertheless, under the circumstances of this cause, we may take immediate action. Statev. Embry, 6th Dist. No. L-03-1114, 2006-Ohio-729, at ¶ 16 (Citations omitted.). Consequently, the judgment of the Fulton County Court of Common Pleas is reversed, in part, and affirmed, in part, and this cause is remanded to that court for re-sentencing. The common pleas court is instructed to appoint new trial counsel for that limited purpose. Appellant and appellee are ordered, pursuant to App.R. 24, to pay the costs of this appeal in equal shares. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
Judgment reversed, in part, and affirmed, in part.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Pietrykowski, J. Singer, P.J. concur.
[1] The minimum sentence for a third degree felony is one year. The trial court imposed one two year sentence and one three year sentence. In doing so, the court expressly stated, on the record, the requisite findings as set forth in former R.C.2929.14(B)(2).
[2] Ironically, if the trial court had not complied with the statutes governing the imposition of nonminimum and consecutive sentences, the trial court's judgment on sentencing would be lawful. See State v. Avery, 6th Dist. No. S-05-017,2006-Ohio-1862.