DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction and sentence entered by the Fulton County Court of Common Pleas after defendant-appellant, Eric Graver, entered a guilty plea to one count of attempted deception to obtain a dangerous drug, a fifth degree felony. {¶ 2} Appellant's appointed counsel has submitted a request to withdraw as counsel pursuant to Anders v.California (1967), 386 U.S. 738. Counsel for appellant asserts that after carefully reviewing the record on appeal and researching the applicable law, she can find no possible grounds for appeal. Counsel for appellant has, however, consistent withAnders, asserted one potential assignment of error:
 {¶ 3} "Whether the court erred when it sentenced the defendant to serve consecutive sentences."
 {¶ 4} Anders, supra, and State v. Duncan (1978),57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, supra at 744, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, he should so advise the court and request permission to withdraw. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 5} In the case before us, appointed counsel for appellant has satisfied the requirements of Anders. This court further notes that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court shall proceed with an examination of the potential assignment of error set forth by counsel for appellant and of the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 6} On May 19, 2005, appellant was indicted and charged with one count of illegal possession of drug documents and one count of attempted deception to obtain a dangerous drug. Appellant initially entered not guilty pleas to both counts. On September 1, 2005, however, appellant appeared in open court, withdrew his earlier plea and entered a plea of guilty to one count of attempted deception to obtain a dangerous drug in violation of R.C. 2923.02(A) and 2925.22(A), a fifth degree felony. In exchange for appellant's guilty plea, the state agreed to dismiss Count One of the indictment, illegal possession of drug documents. On November 10, 2005, the case came before the lower court for a sentencing hearing. At the hearing, the court reviewed appellant's criminal record, stated that it had considered the record, oral statements, the presentence report, and the principles and purposes of sentencing, and noted that it had balanced the seriousness and recidivism factors as required by R.C. 2929.12. The court then expressly found: "that in light of the prior record and the danger that the drug addiction does present to the community, that pursuant to Revised Code Section2929.14(B) the shortest prison term possible does demean the seriousness of the offense and not [sic] adequately protect the public, and therefore the Court will impose a greater than the minimum term." The court further found "pursuant to Revised Code Section 2929.11 that in light of the prior record and the danger that the Defendant presents to the public, that consecutive sentences are necessary to fulfil [sic] the purposes of Revised Code Section 2929.11. A consecutive sentence not being disproportionate to the seriousness of the conduct or to the Defendant."
 {¶ 7} In his sole potential assignment of error, appellant questions whether the lower court erred in imposing upon him a sentence consecutive to sentences he was already serving in other matters.
 {¶ 8} In light of the Supreme Court of Ohio's decision inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, we find that appellant's proposed assignment of error has merit. In Foster,
the court held that R.C. 2929.14(B) and (C), 2929.19(B)(2),2929.14(E)(4), and 2929.41(A) violate the Sixth Amendment to the United States Constitution, pursuant to Blakely v. Washington
(2004), 542 U.S. 296, and Apprendi v. New Jersey (2000),530 U.S. 466. Because the trial court relied on unconstitutional statutes when sentencing appellant, we find that the sentence is void and must be vacated. Foster, supra at ¶ 103-104.
 {¶ 9} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Appellate counsel's motion to withdraw is found well-taken and is hereby granted. Generally, pursuant to Anders, we would appoint new appellate counsel for the purpose of arguing sentencing under Foster.
Nevertheless, under the circumstances of this case, we may take immediate action. State v. Krauss, 6th Dist. No. F-05-018,2006-Ohio-3791, at ¶ 23, citing State v. Embry, 6th Dist. No. L-03-1114, 2006-Ohio-729, at ¶ 16 (Citations omitted.). Consequently, the judgment of the Fulton County Court of Common Pleas is affirmed, in part, and reversed, in part, and this cause is remanded to that court for resentencing. The common pleas court is instructed to appoint new trial counsel for that limited purpose. Appellant and appellee are ordered, pursuant to App.R. 24, to pay the costs of this appeal in equal shares. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Pietrykowski, J., Singer, P.J., Parish, J. Concur.