DECISION AND JUDGMENT ENTRY {¶ 1} This is an appeal from a judgment of conviction and sentence entered by the Sandusky County Court of Common Pleas after defendant-appellant, James S. Robertson, entered a guilty plea to two counts of theft, fifth degree felonies.
 {¶ 2} Appellant's appointed counsel has submitted a request to withdraw as counsel pursuant to Anders v. California (1967),386 U.S. 738. Counsel for appellant asserts that after carefully reviewing the record on appeal and researching the applicable law, he can find no possible grounds for appeal. Counsel for appellant has, however, consistent with Anders, asserted one potential assignment of error:
 {¶ 3} "Did the trial Court abuse its discretion in sentencing the Defendant to consecutive maximum sentences?"
 {¶ 4} Anders and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders at 744, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, he should so advise the court and request permission to withdraw. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 5} In the case before us, appointed counsel for appellant has satisfied the requirements of Anders. This court further notes that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court shall proceed with an examination of the potential assignment of error set forth by counsel for appellant and of the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 6} On November 15, 2005, appellant was indicted and charged with two counts of robbery and two counts of theft. Appellant initially entered not guilty pleas to all counts. On January 3, 2006, however, appellant appeared in open court, withdrew his earlier plea and entered a plea of guilty to two counts of theft in violation of R.C.2913.02(A)(1), a fifth degree felony. In exchange for appellant's guilty plea, the state agreed to dismiss the two robbery counts of the indictment. On March 13, 2006, the case came before the lower court for a sentencing hearing. At the hearing, the court reviewed appellant's criminal record and the principles and purposes of sentencing, and noted that it had weighed the seriousness and recidivism factors as required by R.C. 2929.12. The court then expressly found pursuant to R.C.2929.14(B): "that to sentence the Defendant to the shortest term would demean the seriousness of his conduct and will not adequately protect the public." The court further found pursuant to R.C. 2929.14(C) "that the offender poses the greatest likelihood of committing future crimes and therefore imposes the maximum sentence of twelve months." Finally, the court concluded pursuant to R.C. 2929.14(E)(4) that "it is necessary to protect the public and punish the offender and that such a sentence would not be disproportionate, so the Court is making these two sentences of twelve months run consecutively. And this is necessary because his criminal history shows that consecutive terms are needed to protect the public."
 {¶ 7} In his sole potential assignment of error, appellant questions whether the lower court erred in imposing upon him nonminimum, consecutive sentences.
 {¶ 8} In light of the Supreme Court of Ohio's decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, we find that appellant's proposed assignment of error has merit. In Foster, the court held that R.C. 2929.14(B) and (C), 2929.19(B)(2), 2929.14(E)(4), and 2929.41(A) violate the Sixth Amendment to the United States Constitution, pursuant to Blakely v. Washington (2004), 542 U.S. 296, and Apprendi v. NewJersey (2000), 530 U.S. 466. Because the trial court relied on unconstitutional statutes when sentencing appellant, we find that the sentence is void and must be vacated. Foster at ¶ 103-104.
 {¶ 9} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Appellate counsel's motion to withdraw is found well-taken and is hereby granted. Generally, pursuant toAnders, we would appoint new appellate counsel for the purpose of arguing sentencing under Foster. Nevertheless, under the circumstances of this case, we may take immediate action. State v. Krauss, 6th Dist. No. F-05-018, 2006-Ohio-3791, at ¶ 23, citing State v. Embry, 6th Dist. No. L-03-1114, 2006-Ohio-729, at ¶ 16 (Citations omitted.). Consequently, the judgment of the Sandusky County Court of Common Pleas is affirmed, in part, and reversed, in part, and this cause is remanded to that court for resentencing. The common pleas court is instructed to appoint new trial counsel for that limited purpose. Appellant and appellee are ordered, pursuant to App.R. 24, to pay the costs of this appeal in equal shares. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.