DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Terris Love, appeals the October 12, 2004 judgment of the Lucas County Court of Common Pleas, which sentenced appellant to a total of 11 years of imprisonment following his conviction on two counts of felonious assault with a firearm specification.
 {¶ 2} Appellant's appointed counsel has submitted a request to withdraw as counsel pursuant to Anders v. California (1967),386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. Appellant's counsel asserts that after reviewing the record and the conduct of the trial court, she can find no arguable issues for appellate review. Appellant's counsel *Page 2 
further states that, as required by Anders, she provided appellant with a copy of the appellate brief and request to withdraw as counsel and informed him of his right to file his own brief. Appellant has not filed a pro se brief
 {¶ 3} The facts of this case are as follows. On July 2, 2004, appellant was indicted on one count of aggravated robbery, in violation of R.C. 2911.01(A)(1) and two counts of felonious assault, in violation of R.C. 2903.11(A)(2). Each count contained a firearm specification, R.C. 2941.145. The charges stemmed from an incident on June 17, 2004, where gunshots were fired into a vehicle occupied by two individuals; one of the individuals was shot.
 {¶ 4} On September 17, 2004, the matter proceeded to a jury trial. At the conclusion of the evidence, the jury found appellant guilty of the felonious assault charges with the corresponding firearm specifications. However, the jury acquitted appellant of the aggravated robbery charge.
 {¶ 5} Prior to sentencing, appellant, pro se, filed a motion to withdraw his counsel. Appellant stated that irreconcilable differences had arisen between him and his attorney, that he received "detrimental" legal advice, and that counsel would not represent him "zealously" during the post-trial proceedings.
 {¶ 6} Appellant also filed a Crim.R. 29(C) motion for acquittal claiming that his counsel failed to raise the motion at the conclusion of the state's case-in-chief and at the close of the evidence. Appellant further argued that the evidence was insufficient to sustain appellant's convictions. *Page 3 
 {¶ 7} On October 4, 2004, a hearing was held on the motions and they were denied; the matter proceeded to sentencing. Following the trial court's October 12, 2004 judgment entry, appellant timely appealed.
 {¶ 8} Consistent with Anders, counsel for appellant has asserted two potential assignments of error:
 {¶ 9} "1. Ineffective assistance of counsel
 {¶ 10} "2. Sentencing"
 {¶ 11} We first note that once the Anders requirements are satisfied, the appellate court must conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id. at 744.
 {¶ 12} In appellate counsel's first potential assignment of error he contends that appellant was denied the effective assistance of trial counsel. In support, counsel notes appellant's obvious dissatisfaction with counsel which was evidenced in his pro se post-trial motions.
 {¶ 13} The standard for determining whether a trial attorney was ineffective requires appellant to show: 1) that the trial attorney made errors so egregious that the trial attorney was not functioning as the "counsel" guaranteed appellant under the Sixth Amendment, and 2) that the deficient performance prejudiced appellant's defense. *Page 4 Strickland v. Washington (1984), 466 U.S. 668, 686-687, 104 S.Ct. 2052,80 L.Ed.2d 674. In essence, appellant must show that the proceedings, due to his attorney's ineffectiveness, was so demonstrably unfair that there is a reasonable probability that the result would have been different absent his attorney's deficient performance. Id. at 693. Furthermore, a court must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" in reviewing a claim of ineffective assistance of counsel. Id. at 689. A properly licensed attorney in Ohio is presumed to execute his or her duties in an ethical and competent manner. State v. Hamblin (1988), 37 Ohio St.3d 153, 155-56. Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel. State v. Phillips, 74 Ohio St.3d 72,85, 1995-Ohio-171. Even if the wisdom of an approach is debatable, "debatable trial tactics" do not constitute ineffective assistance of counsel. Id. Finally, reviewing courts must not use hindsight to second-guess trial strategy, and must bear in mind that different trial counsel will often defend the same case in different manners.Strickland, supra at 689; State v. Keenan, 81 Ohio St.3d 133, 152,1998-Ohio-459.
Upon review of the record below, we cannot say that appellant's trial counsel was ineffective. Counsel filed the appropriate pre-trial motions, he made Crim.R. 29 motions for acquittal and, during trial, counsel presented the testimony of several witnesses and vigorously cross-examined the state's witnesses. Accordingly, appellant's first potential assignment of error is not well-taken. *Page 5 
 {¶ 14} Appellate counsel's second potential assignment of error addresses appellant's sentence. Counsel asserts that the argument is not well-taken because the trial court's imposition of the maximum sentence for felonious assault was "imposed according to law." We disagree.
 {¶ 15} In February 2006, the Supreme Court of Ohio decided State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the court, applyingBlakely v. Washington (2004), 542 U.S. 296, and Apprendi v. NewJersey (2000), 530 U.S. 466, held that R.C. 2929.14(B), (C) and2929.19(B)(2), concerning the imposition of nonminimum and maximum sentences, violate a defendant's Sixth Amendment right to a trial by jury. Id. at paragraphs one and two of the syllabus. The Foster court severed these provisions from the sentencing code and instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing without reliance on the severed statutory provisions. Id., ¶ 103-104.
 {¶ 16} In the present case, at the October 4, 2004 sentencing hearing and in its October 12, 2004 judgment entry, the trial court found that the shortest prison term would demean the seriousness of the offense and not adequately protect the public (R.C. 2929.14(B)) and that appellant committed the worst form of the offense (R.C. 2929.14(C)); the court then imposed a maximum sentence. Accordingly, because the trial court relied on portions of the sentencing statutes that Foster held were unconstitutional, counsel's second potential assignment of error has merit and is well-taken. *Page 6 
 {¶ 17} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Appellate counsel's motion to withdraw is found well-taken and is hereby granted. Generally, pursuant toAnders, we would appoint new appellate counsel for the purpose of arguing sentencing under Foster. However, under the circumstances of this case, we may take immediate action. State v. Krauss, 6th Dist. No. F-05-018, 2006-Ohio-3791, ¶ 23, citing State v. Embry, 6th Dist. No. L-03-1114, 2006-Ohio-729, ¶ 16.
 {¶ 18} On consideration whereof, we find that the sentence of the Lucas County Court of Common Pleas is reversed and this case is remanded to the trial court for resentencing. The trial court is instructed to appoint new counsel to represent appellant. Appellant and appellee are ordered to pay the costs of this appeal, in equal shares, pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 7 
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1