DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Brian Watkins, appeals the judgment of the Lucas County Court of Common Pleas which, following a guilty plea pursuant to North Carolina v. Alford (1970), 400 U.S. 25, 91 S.Ct. 160,27 L.Ed.2d 162, sentenced him to concurrent two-year prison terms for compelling prostitution, in violation of R.C. 2907.21(A)(3), a third degree felony. *Page 2 
 {¶ 2} Appellant's appointed counsel has submitted a request to withdraw as counsel pursuant to Anders v. California (1967),386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. Appellant's counsel asserts that after reviewing the record and the conduct of the trial court, she can find no arguable issues for appellate review. Appellant's counsel further states that, as required by Anders, she provided appellant with a copy of the appellate brief and request to withdraw as counsel and informed him of his right to file his own brief. Appellant has not filed a pro se brief.
 {¶ 3} Consistent with Anders, counsel for appellant has asserted two potential assignments of error:
 {¶ 4} "1. Ineffective assistance of counsel.
 {¶ 5} "2. Excessive sentence."
 {¶ 6} We first note that once the Anders requirements are satisfied, the appellate court must conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or it may proceed to a decision on the merits if state law so requires. Id. at 744.
 {¶ 7} A brief recitation of the facts is as follows. On June 30, 2005, appellant was indicted on four counts of rape, in violation of R.C.2907.02(A)(2), and four counts of compelling prostitution, in violation of 2907.21(A)(3). On October 25, 2005, pursuant to an agreement with the state, appellant entered an Alford plea to two counts of *Page 3 
compelling prostitution. At the December 13, 2005 sentencing hearing, the trial court acknowledged the principles and purposes of sentencing and addressed the seriousness and recidivism factors. The court then determined that a prison term was appropriate.
 {¶ 8} With regard to the length of the prison term, the court found that pursuant to R.C. 2929.14(B), the shortest prison term would demean the seriousness of appellant's conduct and would not adequately protect the public because the victim was 15 years old and appellant was in a position of trust with the family. Appellant was then sentenced to two years of imprisonment on each count, to be served concurrently. Following the trial court's December 16, 2005 judgment entry, appellant timely commenced this appeal.
 {¶ 9} In appellate counsel's first potential assignment of error she contends that appellant was denied the effective assistance of trial counsel. The standard for determining whether a trial attorney was ineffective requires appellant to show: 1) that the trial attorney made errors so egregious that the trial attorney was not functioning as the "counsel" guaranteed appellant under the Sixth Amendment, and 2) that the deficient performance prejudiced appellant's defense. Strickland v.Washington (1984), 466 U.S. 668, 686-687, 104 S.Ct. 2052,80 L.Ed.2d 674. In essence, appellant must show that the proceedings, due to his attorney's ineffectiveness, were so demonstrably unfair that there is a reasonable probability that the result would have been different absent his attorney's deficient performance. Id. at 693. Furthermore, a court must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" in reviewing a claim of ineffective assistance of *Page 4 
counsel. Id. at 689. A properly licensed attorney in Ohio is presumed to execute his or her duties in an ethical and competent manner. State v.Hamblin (1988), 37 Ohio St.3d 153, 155-56. Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel. State v. Phillips, 74 Ohio St.3d 72, 85,1995-Ohio-171. Even if the wisdom of an approach is debatable, "debatable trial tactics" do not constitute ineffective assistance of counsel. Id. Finally, reviewing courts must not use hindsight to second-guess trial strategy, and must bear in mind that different trial counsel will often defend the same case in different manners.Strickland, supra at 689; State v. Keenan, 81 Ohio St.3d 133, 152,1998-Ohio-459.
 {¶ 10} Upon review of the record below, we cannot say that appellant's trial counsel was ineffective. Appellant was indicted on four charges of rape, first degree felonies, each count with a prison sentence range of three to ten years, and four counts of compelling prostitution, third degree felonies, with a prison sentence range of one to five years on each count. Based on these charges, appellant faced a lengthy prison sentence. Appellant's counsel negotiated a very favorable plea agreement. In addition, at the October 25, 2005 plea hearing, appellant indicated that working with his attorney had been a "pleasure" and that his attorney had explained the nature and effect of his Alford plea. Finally, at the December 13, 2005 sentencing hearing, it was apparent that appellant's attorney was well-acquainted with appellant and the facts of the case; he spoke effectively on appellant's behalf. Accordingly, appellant's first potential assignment of error is not well-taken. *Page 5 
 {¶ 11} In his second potential assignment of error, appellant questions whether the trial court erred when it imposed a nonminimum sentence. In February 2006, the Supreme Court of Ohio decided State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the court held that, inter alia, R.C. 2929.14(B) and 2929.19(B)(2), concerning the imposition of nonminimum sentences, violate a defendant's Sixth Amendment right to a trial by jury pursuant to Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403, and Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435. The Foster court severed these provisions from the sentencing code and instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing. Id. at ¶ 104.
 {¶ 12} Upon review of the sentencing hearing transcript and the trial court's judgment entry, we must find that the trial court relied on unconstitutional statutes when sentencing appellant. Accordingly, appellant's sentence in void and must be vacated. Foster, ¶ 103-104. Appellant's second potential assignment of error is well-taken.
 {¶ 13} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Appellate counsel's motion to withdraw is found well-taken and is hereby granted. Generally, pursuant toAnders, we would appoint new appellate counsel for the purpose of arguing sentencing under Foster. However, under the circumstances of this case, we may take immediate action. State v. Krauss, 6th Dist. No. F-05-018, 2006-Ohio-3791, ¶ 23, citing State v. Embry, 6th Dist. No. L-03-1114, 2006-Ohio-729, ¶ 16. *Page 6 
 {¶ 14} On consideration whereof, we find that the sentence of the Lucas County Court of Common Pleas is reversed and this case is remanded to the trial court for resentencing. The trial court is instructed to appoint new counsel to represent appellant. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1