DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction and sentence entered by the Lucas County Court of Common Pleas after defendant-appellant, Cheyenne Steven James, entered a plea of no contest to and was found guilty of one count of aggravated robbery and one count of felonious assault.
 {¶ 2} Appellant's appointed counsel has submitted a request to withdraw as counsel pursuant to Anders v. California (1967),386 U.S. 738. Counsel for appellant *Page 2 
asserts that after carefully reviewing the record from the proceedings below and researching the applicable case and statutory law, he has been unable to locate any arguable issues for an appeal. Counsel for appellant has, however, consistent with Anders, asserted two potential assignments of error:
 {¶ 3} "1. The trial court improperly sentenced the appellant-defendant to consecutive sentences.
 {¶ 4} "2. The appellant-defendant did not fully understand the waiver of his rights and the nature of his plea."
 {¶ 5} Anders, supra, and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, supra at 744, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, he should so advise the court and request permission to withdraw. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id. *Page 3 
 {¶ 6} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders. This court further notes that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel for appellant and of the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 7} On November 16, 2005, appellant was indicted and charged with aggravated robbery in violation of R.C. 2911.01(A)(3), a first degree felony, felonious assault in violation of R.C. 2903.11(A)(1), a second degree felony and receiving stolen property in violation of R.C. 2913.51, a fourth degree felony. Appellant originally entered a plea of not guilty to all charges, but on February 7, 2006, in open court, he changed his plea to no contest on the aggravated robbery and felonious assault charges in exchange for the state entering a nolle prosequi on the receiving stolen property charge at the time of sentencing. The court then questioned appellant as to his understanding of the plea and informed him of the penalties he faced. Then, the court informed appellant of the constitutional rights he was waiving by entering the plea. Appellant acknowledged that he understood those rights and that he was waiving them. After the state made a statement regarding what the evidence would have shown had the case gone to trial, the court made a finding that appellant had been advised of his constitutional rights and that he made a knowing, voluntary and intelligent waiver of those rights. The court then found appellant guilty of the charges as stated. *Page 4 
 {¶ 8} Subsequently, the case proceeded to a sentencing hearing at which the court sentenced appellant to a term of seven years incarceration on the aggravated robbery conviction and five years incarceration on the felonious assault conviction. The court then ordered that the terms be served consecutively and expressly made findings pursuant to R.C. 2929.14(E)(4)(a) through (c). On February 22, 2006, the trial court filed a judgment entry reflecting appellant's conviction and sentence. It is from that judgment that appellant appeals.
 {¶ 9} We will first address appellant's second potential assignment of error in which he questions whether the trial court erred in accepting his no contest plea.
 {¶ 10} Before accepting a plea of no contest, Crim. R. 11(C)(2) demands that the trial court inform a defendant of the constitutional rights he waives by entering the plea. In that regard, the rule provides:
 {¶ 11} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 12} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 13} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence. *Page 5 
 {¶ 14} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 15} Upon appellate review, the trial court's acceptance of a guilty or no contest plea will be considered knowing, intelligent and voluntary so long as, before accepting the plea, the trial court substantially complies with the procedure set forth in Crim. R. 11(C). State v.Nero (1990), 56 Ohio St.3d 106, 108. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id.
 {¶ 16} We have thoroughly reviewed the transcript from the hearing below and find that the trial court substantially complied with Crim. R. 11(C) in accepting appellant's no contest plea and that appellant entered his plea knowingly, intelligently and voluntarily. The second potential assignment is not well taken.
 {¶ 17} In his first potential assignment of error, appellant questions whether the trial court erred by imposing upon him consecutive sentences. For the following reason, we conclude that it did.
 {¶ 18} Approximately one week after appellant was sentenced in the present case, the Supreme Court of Ohio issued its decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. *Page 6 
In Foster, the court held, inter alia, that R.C. 2929.14(E)(4), concerning the imposition of consecutive sentences, violates a defendant's Sixth Amendment right to a trial by jury pursuant toBlakely v. Washington (2004), 542 U.S. 296, and Apprendi v. NewJersey (2000), 530 U.S. 466. Because the trial court relied on an unconstitutional statute when sentencing appellant, we find that the first potential assignment of error has merit. The sentence is therefore void and must be vacated. Foster, supra at ¶ 103-104.
 {¶ 19} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Appellate counsel's motion to withdraw is found well-taken and is hereby granted. Generally, pursuant toAnders, we would appoint new appellate counsel for the purpose of arguing sentencing under Foster. Under the circumstances of this case, however, we may take immediate action. State v. Krauss, 6th Dist. No. F-05-018, 2006-Ohio-3791, ¶ 23, citing State v. Embry, 6th Dist. No. L-03-1114, 2006-Ohio-729, ¶ 16.
 {¶ 20} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to that court for resentencing. The common pleas court is instructed to appoint new trial counsel for that limited purpose. Appellant and appellee are ordered, pursuant to App. R. 24, to pay the costs of this appeal in equal shares. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, P.J., JUDGE Arlene Singer, J., William J. Skow, J. concur. *Page 1