DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Davonne Hawthorne, appeals the February 21, 2006 judgment of the Sandusky County Court of Common Pleas which, following a jury trial, sentenced appellant to 17 months of imprisonment for a violation of R.C. 2911.12(A)(4), burglary without a specific intent.
 {¶ 2} Appellant's appointed counsel has submitted a request to withdraw as counsel pursuant to Anders v. California (1967),386 U.S. 738, 87 S.Ct. 1396, *Page 2 18 L.Ed.2d 493. Appellant's counsel asserts that after reviewing the record and the conduct of the trial court, she can find no arguable issues for appellate review. Appellant's counsel further states that, as required by Anders, she provided appellant with a copy of the appellate brief and request to withdraw as counsel and informed him of his right to file his own brief. Appellant has filed a pro se brief.
 {¶ 3} Consistent with Anders, counsel for appellant has asserted one potential assignment of error:
 {¶ 4} "1. Was the sentence properly imposed on the Defendant-Appellant?"
 {¶ 5} Appellant, pro se, has raised the following three potential assignments of error:
 {¶ 6} "I Defendant/appellant Davonne M. Hawthorne was prejudiced by trial Attorney, Attorney Andrew Lockshin and under the presumption of ineffective counsel.
 {¶ 7} "The Fremont Municipal Court continued criminal proceedings without subject matter jurisdiction.
 {¶ 8} "There were no jury instructions made by the trial judge."
 {¶ 9} We first note that once the Anders requirements are satisfied, the appellate court must conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id. at 744. *Page 3 
 {¶ 10} The following facts are relevant to this appeal. On October 4, 2005, appellant was indicted on one count of burglary, in violation of R.C. 2911.12(A)(1), a second degree felony, and one count of burglary, in violation of R.C. 2911.12(A)(4), a fourth degree felony. The charges stemmed from an incident on September, 27, 2005, where witnesses observed a man partially enter an occupied residence.
 {¶ 11} On October 6, 2005, appellant entered a not guilty plea. The trial in this matter commenced on January 10, 2006. At trial, the following relevant testimony was presented. Fremont Police Detective Anthony Emrich testified that on September 27, 2005, at approximately 6:00 a.m., he received a call that there was a burglary in progress at 1447 Alger Street in Fremont, Sandusky County, Ohio. Emrich testified that when he arrived at the house he observed the victim, Rita Bryan, asleep on the living room couch; the lights and the television were on.
 {¶ 12} Detective Emrich testified that he spoke with Bryan who knew nothing about the break-in. Emrich checked the interior of the house and determined that it was secure. Emrich noted that the back sliding door was open and the screen was pushed out. Emrich also observed Ryan's cat's collar lying on the floor. Based on these and other facts, Emrich determined that the cat had been startled and ran into the screen door.
 {¶ 13} Detective Emrich stated that he observed "some sign of disturbance in the soil" next to a window at the front of the house. The "disturbance" contained no tread markings or distinguishable characteristics. *Page 4 
 {¶ 14} Emrich testified that he then reconnected with Fremont Police Captain Richard Cook and Fremont Police Officer Lawrence Harkness; the other officers had been securing the perimeter of the area and interviewing witnesses. Emrich stated that he observed shoe prints in the dew-covered grass leading from Bryan's residence and ending somewhere in the street. According to the other officers, the shoe prints resumed in the grass across the street and ended at the back door of appellant's residence which was across the street from Bryan's and two houses down. The shoe prints were never compared to appellant's and his shoe size was never determined.
 {¶ 15} The two witnesses, Jerry Palomo and Melissa Ferstler, who lived directly across the street from Bryan, identified appellant as the intruder and later, separately, identified appellant from a photo array. Palomo testified that on September 27, 2005, at around 5:00 a.m., he was looking out his front window when he observed someone standing in Bryan's front yard, close to a window. Palomo then saw the individual push open a window; at that point Ferstler, his girlfriend, called the police. Palomo testified that the individual had one leg in Bryan's residence but that "something must have startled him" because he then retreated. Palomo stated that the individual crossed the street and walked across his driveway.
 {¶ 16} Palomo identified appellant as the individual who entered Bryan's home. Palomo testified that even though it was still fairly dark outside he knew that it was appellant because he had a distinctive walk. Palomo stated that he had been warned about appellant by his landlord and had been watching him all summer. *Page 5 
 {¶ 17} Melissa Ferstler testified that she knew that the intruder was appellant when he walked in front of her home. Ferstler also testified that appellant had a distinct walk; somewhat pigeon-toed. Ferstler testified that she did not name appellant in her initial statement because she was "shook up" about it. At some point that morning Ferstler did give appellant's name to the police.
 {¶ 18} At the close of the state's case, appellant's counsel made a Crim.R. 29 motion for acquittal; the motion was denied. The jury returned a guilty verdict as to the burglary without a specific intent charge, and a not guilty verdict regarding the burglary with intent to commit a theft offense charge. On February 21, 2006, appellant was sentenced to 17 months of imprisonment; appellant was also sentenced to an additional imprisonment term because the burglary was committed while he was on post-release control. This appeal followed.
 {¶ 19} Appellant's counsel's sole assignment of error is that the trial court erroneously sentenced appellant to a prison term for a fourth degree felony. The potential sentence for a fourth degree felony ranges from community control to 18 months of imprisonment.
 {¶ 20} In February 2006, the Supreme Court of Ohio decided State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the court, applyingBlakely v. Washington (2004), 542 U.S. 296, and Apprendi v. NewJersey (2000), 530 U.S. 466, held that R.C. 2929.14(B), (C) and2929.19(B)(2), concerning the imposition of nonminimum and maximum sentences, violate a defendant's Sixth Amendment right to a trial by jury. Id. *Page 6 
at paragraphs one and two of the syllabus. The Foster court severed these provisions from the sentencing code and instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing without reliance on the severed statutory provisions. Id., ¶ 103-104.
 {¶ 21} In the present case, in its February 21, 2006 judgment entry the trial court found that the shortest prison term would demean the seriousness of the offense and not adequately protect the public and that appellant had previously served a prison term (R.C. 2929.14(B)); the court then imposed a nonminimum sentence. Accordingly, because the trial court relied on portions of the sentencing statutes thatFoster held were unconstitutional, counsel's potential assignment of error has merit and is well-taken.
 {¶ 22} We will next address appellant's potential assignments of error. Appellant's first potential assignment of error contends that his trial counsel was ineffective. The standard for determining whether a trial attorney was ineffective requires appellant to show: 1) that the trial attorney made errors so egregious that the trial attorney was not functioning as the "counsel" guaranteed appellant under the Sixth Amendment, and 2) that the deficient performance prejudiced appellant's defense. Strickland v. Washington (1984), 466 U.S. 668, 686-687,104 S.Ct. 2052, 80 L.Ed.2d 674. In essence, appellant must show that the proceedings, due to his attorney's ineffectiveness, was so demonstrably unfair that there is a reasonable probability that the result would have been different absent his attorney's deficient performance. Id. at 693. Furthermore, a court must be "highly deferential" and "indulge a strong presumption that counsel's conduct *Page 7 
falls within the wide range of reasonable professional assistance" in reviewing a claim of ineffective assistance of counsel. Id. at 689. A properly licensed attorney in Ohio is presumed to execute his or her duties in an ethical and competent manner. State v. Hamblin (1988),37 Ohio St.3d 153, 155-56. Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel.State v. Phillips, 74 Ohio St.3d 72, 85, 1995-Ohio-171. Even if the wisdom of an approach is debatable, "debatable trial tactics" do not constitute ineffective assistance of counsel. Id. Finally, reviewing courts must not use hindsight to second-guess trial strategy, and must bear in mind that different trial counsel will often defend the same case in different manners. Strickland, supra at 689; State v.Keenan, 81 Ohio St.3d 133, 152, 1998-Ohio-459.
 {¶ 23} Appellant argues that his trial counsel was ineffective by bolstering the credibility of the state's witnesses during cross-examination; by failing to conduct an independent investigation including interviewing eyewitnesses; by failing to object to "conjecturing contradictive witness testimony;" and by failing to fully investigate appellant's "mental condition."
 {¶ 24} We have carefully reviewed the entire record, including the trial transcript and find no evidence that appellant's counsel was ineffective. Counsel vigorously cross-examined the state's eyewitnesses regarding their identification of appellant. With regard to the other alleged instances of ineffectiveness, appellant has not demonstrated how he was prejudiced or that, absent the instances, a reasonable probability existed that the *Page 8 
outcome would have been different. Accordingly, we find that appellant's first potential assignment of error is not well-taken.
 {¶ 25} In appellant's second potential assignment of error he argues that the trial court, Fremont Municipal Court, lacked subject matter jurisdiction over the case. Upon review, we find that on October 4, 2005, appellant was indicted in the Sandusky County Court of Common Pleas, the county where the crime allegedly occurred. The case was prosecuted and tried in the Sandusky County Court of Common Pleas. Accordingly, we find no merit in appellant's second potential assignment of error.
 {¶ 26} In appellant's third and final potential assignment of error he contends that the trial court erroneously failed to instruct the jury as required under R.C. 2945.11. Although the trial court's instructions were not transcribed, the court reporter noted the following: "Thereupon, counsel for the parties presented their closing arguments, after which the court instructed the jury as set forth in the instructions filed with the clerk of courts." The referenced jury instructions were filed on January 11, 2006. Accordingly, because the jury was instructed on the necessary law, we find that appellant's third potential assignment of error lacks merit.
 {¶ 27} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Appellate counsel's motion to withdraw is found well-taken and is hereby granted. Generally, pursuant toAnders, we would appoint new appellate counsel for the purpose of arguing sentencing under Foster. However, under the circumstances of this case, we may take immediate action. State v. Krauss, 6th Dist. No. *Page 9 
F-05-018, 2006-Ohio-3791, ¶ 23, citing State v. Embry, 6th Dist. No. L-03-1114, 2006-Ohio-729, ¶ 16.
 {¶ 28} On consideration whereof, the judgment of the Sandusky County Court of Common Pleas is affirmed, in part, and reversed, in part. This matter is remanded to the trial court for resentencing. The trial court is instructed to appoint new counsel to represent appellant. Appellant and appellee are each ordered to pay one-half of the cost of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1