DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Joseph Kiss, appeals the judgment of the Ottawa County Court of Common Pleas which, following a guilty plea, sentenced him to a two-year prison term for failure to register (sex offender), in violation of R.C. 2950.05(E)(1), a third degree felony.
 {¶ 2} Appellant's appointed counsel has submitted a request to withdraw as counsel pursuant to Anders v. California (1967),386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. Appellant's counsel asserts that after reviewing the record and the conduct of the trial court, he can find no arguable issues for appellate review. Appellant's counsel further states that, as required by Anders, he provided appellant with a copy of the *Page 2 
appellate brief and request to withdraw as counsel and informed him of his right to file his own brief. Appellant has not filed a pro se brief
 {¶ 3} Consistent with Anders, counsel for appellant has asserted one potential assignment of error:
 {¶ 4} "Whether the trial court failed to give proper consideration to the sentencing factors set forth in R.C. 2929.12 and 2929.14 for the sentencing of the defendant."
 {¶ 5} We first note that once the Anders requirements are satisfied, the appellate court must conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id. at 744.
 {¶ 6} On April 28, 2005, appellant was indicted on one count of failing to register as a sexual predator as required under R.C.2950.05(E)(1). On October 31, 2005, appellant entered a guilty plea. At the December 16, 2005 sentencing hearing, the trial court acknowledged the principles and purposes of sentencing and addressed the seriousness and recidivism factors. The court then determined that a prison term was appropriate.
 {¶ 7} With regard to the length of the prison term, the court found that the shortest prison term would demean the seriousness of appellant's conduct based on the fact that appellant had served a prior prison term and that the initial reporting requirement *Page 3 
stemmed from the rape of an eight-year old girl. The court further noted that appellant had been classified as a sexual predator and that there had been a total of three parole violations. Appellant was then sentenced to two years of imprisonment.[1]
 {¶ 8} In the trial court's December 22, 2005 judgment entry, the court noted that the sentencing hearing had been conducted in accordance with R.C. 2929.19. The court stated that: "The court made specific findings on the record and based on those findings, determines the shortest term would demean the seriousness of the offense."
 {¶ 9} In his sole potential assignment of error, appellant questions whether the trial court erred when it imposed a nonminimum sentence. More precisely, appellant's argument relates to the requirements set forth in State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165.
 {¶ 10} In February 2006, the Supreme Court of Ohio decided State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the court held that, inter alia, R.C. 2929.14(B) and 2929.19(B)(2), concerning the imposition of nonminimum sentences, violate a defendant's Sixth Amendment right to a trial by jury. The Foster court severed these provisions from the sentencing code and instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing. Id. at ¶ 104.
 {¶ 11} Upon review of the sentencing hearing transcript and the trial court's judgment entry, we must find that the trial court relied on unconstitutional statutes when *Page 4 
sentencing appellant. Accordingly, appellant's sentence in void and must be vacated. Foster, ¶ 103-104. Appellant's proposed assignment of error is well-taken.
 {¶ 12} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Appellate counsel's motion to withdraw is found well-taken and is hereby granted. Generally, pursuant toAnders, we would appoint new appellate counsel for the purpose of arguing sentencing under Foster. However, under the circumstances of this case, we may take immediate action. State v. Krauss, 6th Dist. No. F-05-018, 2006-Ohio-3791, ¶ 23, citing State v. Embry, 6th Dist. No. L-03-1114, 2006-Ohio-729, ¶ 16.
 {¶ 13} On consideration whereof, we find that the sentence of the Ottawa County Court of Common Pleas is reversed and this case is remanded to the trial court for resentencing. The trial court is instructed to appoint new counsel to represent appellant. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 5 
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J., CONCUR.
[1] Pursuant to R.C. 2929.14(A)(3), the prison term for a third degree felony ranges from one to five years. *Page 1