DECISION AND JUDGMENT ENTRY
{¶ 1} This is a consolidated appeal from two judgments of the Wood County Court of Common Pleas that found appellant guilty of one count of failure to appear, two counts of failure to comply and one count of escape and imposed a term of imprisonment. For the following reasons, the judgments of the trial court are affirmed in part and reversed in part.
 {¶ 2} Appointed counsel Sarah Nation has submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. In support of her request, counsel *Page 2 
for appellant states that, after reviewing the record of proceedings in the trial court, she was unable to find any appealable issues. Counsel for appellant does, however, set forth the following proposed assignments of error:
 {¶ 3} "The defendant-appellant's plea was not voluntarily and knowingly given where he was not advised as to the appellate rights he would be waiving, when he entered into the same plea.
 {¶ 4} "The trial court failed to give proper consideration to the sentencing factors set forth in R.C. 2929.11, et seq. for the sentencing of the defendant appellant."
 {¶ 5} Anders, supra, and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without *Page 3 
violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 6} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. This court notes further that appellant was notified by counsel of his right to file an appellate brief on his own behalf; however, no such brief was filed. Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel for appellant and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 7} A review of the record reveals the following relevant facts. On February 15, 2006 (trial court case No. 06CR033), appellant was indicted on one count of escape and one count of failure to comply. On May 17, 2006 (trial court case No. 06CR228), appellant was indicted on one count of failure to appear and one count of failure to comply. Appellant entered pleas to the four counts, all of which are felonies, on July 18, 2006. The trial court accepted appellant's guilty pleas and the matter proceeded to sentencing. Appellant now appeals the sentences imposed in both cases.
 {¶ 8} As her first proposed assignment of error, counsel for appellant suggests appellant's pleas were not made knowingly, intelligently and voluntarily because appellant was not advised as to the appellate rights he would be waiving by entering the pleas.
 {¶ 9} Crim.R. 11(C)(2) requires that in felony cases the court shall not accept a plea of guilty or no contest without first addressing the defendant personally, and *Page 4 
determining that he is making the plea voluntarily and understands the nature of the charges against him and the maximum penalty involved. The trial court must also inform the defendant of the effect of the plea and determine that he understands the same, and inform him that the court, upon acceptance of the plea, may proceed with judgment and sentence. Finally, the court must inform the defendant of, and determine that he understands, the constitutional rights he is waiving by the plea.
 {¶ 10} This court has thoroughly reviewed the transcript of appellant's plea hearing. It is clear that the trial court addressed appellant personally and meticulously followed the dictates of Crim.R. 11(C)(2) as outlined above. Appellant's counsel indicated that he had reviewed the written plea forms with appellant and appellant stated that he had read the forms and understood them. The potential argument that appellant was not advised of the appellate rights he would waive by pleading guilty is not supported by the record. At the sentencing hearing, the trial court stated: "You still have the right to appeal the sentence of this Court or any other procedural error. However, any error that would have occurred at that trial since you're waiving it would be forfeited. Do you understand that?" Appellant responded that he understood. Further, the written waivers appellant signed prior to entering his pleas contain the following language: "I understand that if convicted at trial, I would have the full right of appeal, but if I plead guilty I would have a very limited right to appeal my sentence within 30 days of my sentence." *Page 5 
 {¶ 11} Based on the foregoing, there is no basis for a claim that appellant's pleas were not entered knowingly, intelligently and voluntarily. Accordingly, appellant's first proposed assignment of error is without merit.
 {¶ 12} As a second proposed assignment of error, counsel for appellant suggests that the trial court failed to consider the appropriate statutory factors prior to imposing sentence. This assignment of error, as it is framed, is without merit in light of the changes made in Ohio's sentencing laws in 2006 when the Supreme Court of Ohio found several of this state's sentencing statutes unconstitutional. State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Because the Supreme Court severed several of the sentencing statutes which specified factors for the trial court to consider, a trial court is no longer required to set forth specific reasons for imposing a particular sentence.[1]
 {¶ 13} In light of the decision in Foster, however, and upon review of the record, we must find that the trial court relied on unconstitutional statutes in sentencing appellant. While the trial court did not cite to the severed statutes by number, in its sentencing judgment entry the court used language from R.C. 2929.14(B)(2) and R.C. 2929.14(E)(4) and (E)(4)(b). Accordingly, appellant's sentences are void and must be vacated. Foster, ¶ 103-104. Appellant's second proposed assignment of error is well-taken. *Page 6 
 {¶ 14} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. Generally, pursuant to Anders, we would appoint new appellate counsel for the purpose of arguing sentencing under Foster. However, under the circumstances of this case, we may take immediate action. State v. Kiss, 6th Dist. No. OT-06-003, 2007-Ohio-875, ¶ 12, citing State v. Krauss, 6th Dist. No. F-05-018, 2006-Ohio-3791, ¶ 23.
 {¶ 15} On consideration whereof, the decisions of the Wood County Court of Common Pleas are affirmed in part and reversed in part, and this cause is remanded to that court for re-sentencing. The trial court is instructed to appoint new counsel to represent appellant for that limited purpose. Appellant and appellee are ordered, pursuant to App.R. 24, to pay the costs of this appeal in equal shares. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
 JUDGMENTS AFFIRMED, IN PART, AND REVERSED, IN PART. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J. CONCUR.
[1] The following statutes were severed pursuant to Foster: R.C.2929.14(B), (C), (D)(2)(b), (D)(3)(b), and (E)(4); R.C. 2929.19(B)(2) and R.C. 2929.41(A). *Page 1