DECISION AND JUDGMENT ENTRY
{¶ 1} Mark Price ("Appellant") appeals the judgment of the Marietta Municipal Court denying his motion to withdraw his guilty plea. The Appellant contends the trial court abused its discretion by overruling his Crim. R. 32.1 motion, as there was evidence of a violation of due process presented at his hearing. Because we find the Appellant did not demonstrate the manifest injustice necessary for the trial court to set aside its judgment of conviction and withdraw his guilty plea, we affirm its judgment denying his motion. *Page 2 
 I. Facts {¶ 2} The Appellant was arrested on May 26, 2007 and charged with operating a motor vehicle while under the influence of alcohol. He was transported to the Ohio Highway Patrol Post, where he submitted to a breath test.
 {¶ 3} On May 30, 2007, the Appellant appeared at Marietta Municipal Court for his arraignment. After viewing a video of his rights and engaging in a discussion with the presiding judge, the Appellant waived his right to counsel and to a jury trial and entered a guilty plea to the charge. He then asked the judge for leniency, noting that he had a good job, was new to the area, and that his wife did not drive. He also stated that he had made a mistake and that he accepted responsibility for his actions.
 {¶ 4} The trial judge asked the assistant law director for a sentencing recommendation regarding the Appellant's case. Due to the Appellant's prior OVI convictions, the assistant law director recommended a penalty that included 30 days suspended for probation and 10 days in jail. After hearing the assistant law director's recommendation, the trial judge engaged in a discussion with the Appellant regarding his vacation time in order to schedule a jail sentence. During this discussion, the Appellant noted that a conviction of this nature with jail time would ruin his career. *Page 3 
 {¶ 5} Following the aforementioned discussion, the trial judge sentenced the Appellant to 5 days of jail and 30 days of electronically monitored house arrest with a sobrieter. The trial judge asked the Appellant when he wanted to serve his 5 days; the Appellant stated that his work schedule varied from week to week, so he was not sure. Due to his schedule, the trial judge agreed to allow the Appellant to schedule his jail time with his probation officer.
 {¶ 6} Sometime after his guilty plea and sentencing, the Appellant secured private counsel in order to attempt to withdraw his plea. Counsel for the Appellant filed a motion alleging that at the time of the plea, the Appellant did not fully understand his rights and the ramifications of his plea. A hearing on the motion was set for June 27, 2007. Counsel for the State ("Appellee") was unaware that the Appellant wished to withdraw his plea based on statements allegedly made to him by the arresting officer. As a result, the arresting officer was not subpoenaed for the hearing. The Appellee was granted the opportunity to adduce testimony from the arresting officer at a later date if it deemed it necessary.
 {¶ 7} The only testimony introduced at the motion hearing came from the Appellant's wife, who testified that the Appellant had a discussion with the trooper about what would happen to his license. She testified the trooper *Page 4 
told the Appellant that it would be a 90 day license suspension, a $500 fine, and that he would have to go to classes, which she interpreted as meaning AA classes. The Appellant's wife also testified there was no other discussion about jail time.
 {¶ 8} After taking the matter under advisement, the trial court issued a ruling on August 15, 2007 denying the Appellant's motion to withdraw his guilty plea. The trial court noted the Appellant had not raised the issue of the arresting officer's statements at any time during his arraignment, even in the face of numerous indications that he might be sentenced to actual jail time. The Appellant now appeals the trial court's decision, asserting the following assignment of error:
 II. Assignment of Error {¶ 9} 1. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED MR. PRICE'S MOTION TO WITHDRAW HIS PLEA DESPITE EVIDENCE OF A VIOLATION OF DUE PROCESS PRESENTED AT HIS HEARING.
 III. Legal Analysis {¶ 10} In his sole assignment of error, the Appellant contends the trial court abused its discretion when it overruled his motion to withdraw his guilty plea. Crim. R. 32.1 provides,
 "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the *Page 5 
court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 11} A post-conviction motion under Rule 32.1 will only be granted in order to correct "manifest injustice." Crim. R. 32.1. "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice."Jackson v. Friley, Jackson App. No. 07CA1, 2007-Ohio-6755, at ¶ 22, citing State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus. Manifest injustice is an extremely high standard, which permits a defendant to withdraw his guilty plea only in extraordinary cases. State v. Smith, Pickaway App. No. 05CA7,2006-Ohio-1482, at ¶ 23. The decision to grant or deny a Crim. R. 32.1 motion is committed to the sound discretion of the trial court, and appellate courts review a motion to withdraw a guilty plea under the abuse of discretion standard. State v. Xie (1992), 62 Ohio St.3d 521,526, 584 N.E.2d 715. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. Id. at 527. Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed. Id. In order to find an abuse of discretion, we must find that the trial court's ruling was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. *Page 6 
 {¶ 12} In the case sub judice, prior to entering his plea, the Appellant was provided with a video advisement of his rights, as well as a one-on-one colloquy with the trial judge explaining his rights and maximum potential penalties. He noted throughout the colloquy that he understood his rights and the penalties that could ensue from his plea, which included a penalty of up to six months in jail. The Appellant signed the acknowledgment of rights form pertaining to a misdemeanor. In addition to these acknowledgments, the Appellant did not protest or raise any concerns when the assistant law director recommended a jail sentence. A review of the transcript shows that the Appellant ignored several warnings of potential jail penalties, and did not at any point raise his alleged conversation with the trooper regarding penalties. In view of these facts and circumstances, we find, much as the trial court did following a hearing on the Appellant's motion to withdraw his guilty plea, that his plea was made knowingly, voluntarily, and intelligently, and that there is no manifest injustice in the case below.
 {¶ 13} In our view, the trial court did not abuse its discretion when it found that the Appellant failed to establish the manifest injustice necessary to set aside his judgment of conviction and withdraw his plea. Accordingly, we affirm its judgment.
 JUDGMENT AFFIRMED. *Page 7 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Marietta Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J.: Concurs in Judgment and Opinion.
 Harsha, J. Concurs in Judgment Only. *Page 1