OPINION
{¶ 1} In this consolidated appeal, defendant-appellant, Shawn T. Mills, appeals from a judgment of the Franklin County Court of Common Pleas denying his motions to withdraw guilty pleas in Franklin County Common Pleas case Nos. 07CR-1387 and 07CR-1558.
 {¶ 2} On February 23, 2007, appellant was indicted in case No. 07CR-1387 on seven counts of aggravated robbery, fourteen counts of robbery, one count of aggravated burglary, one count of felonious assault, four counts of kidnapping, two counts of having *Page 2 
weapon while under disability, and one count of tampering with evidence. On August 21, 2007, appellant entered a guilty plea to three counts of aggravated robbery (Counts 1, 9, and 25 of the indictment) and one count of aggravated burglary (Count 4 of the indictment), and the trial court sentenced appellant by judgment entry filed on that date. The trial court filed an amended entry on July 2, 2008 (reflecting that Count 4 of the indictment charged appellant with aggravated burglary rather than aggravated robbery as stated in the initial judgment entry).
 {¶ 3} On March 1, 2007, appellant was indicted in case No. 07CR-1558 on two counts of aggravated robbery, four counts of robbery, one count of kidnapping, two counts of improperly handling firearms in a motor vehicle, one count of improperly discharging a firearm at or into a habitation, one count of aggravated burglary, one count of theft, and one count of having weapon while under disability. On August 21, 2007, appellant entered a guilty plea to one count of aggravated robbery (Count 1 of the indictment), and the trial court sentenced appellant by entry filed on that date. On September 12, 2007, the trial court filed an amended entry.
 {¶ 4} On December 14, 2007, appellant sought leave to file delayed appeals in both cases. By memorandum decision rendered April 15, 2008, this court denied appellant's motions for leave to file delayed appeals.
 {¶ 5} On June 17, 2008, appellant filed with the trial court motions to withdraw his guilty pleas in case Nos. 07CR-1387 and 07CR-1558. Appellant asserted that the indictments were structurally defective, relying upon the Ohio Supreme Court's recent decision in State v.Colon, 118 Ohio St.3d 26, 2008-Ohio-1624. The state subsequently filed responses to appellant's motions. *Page 3 
 {¶ 6} By decision and entry filed July 14, 2008, the trial court denied appellant's motions to withdraw guilty pleas in case Nos. 07CR-1387 and 07CR-1558. The trial court determined that the decision inColon had no application to appellant's motions to withdraw.
 {¶ 7} On appeal, appellant sets forth the following single assignment of error for this court's review:
 THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO WITHDRAW PLEA OF GUILT, BECAUSE THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ENTERING FINDINGS OF GUILT TO FOUR COUNTS OF AGG. ROBBERY IN CASE NO. 07CR-1387, AND ONE COUNT OF AGG. ROBBERY IN CASE NO. 07CR-1558, WHEN INDICTMENTS FOR SAID CHARGES WERE CONSTITUTIONALLY DEFECTIVE.
 {¶ 8} In his single assignment of error, appellant argues that the trial court abused its discretion in denying his motions to withdraw his guilty pleas. Appellant argues that the Ohio Supreme Court's recent decision in Colon, supra, mandates that he be permitted to withdraw his guilty pleas because the indictments were defective as failing to include the mens rea of the crimes. We disagree.
 {¶ 9} A post-sentence motion to withdraw a plea under Crim. R. 32.1 "will only be granted in order to correct `manifest injustice.'"State v. Price, Washington App. No. 07CA47, 2008-Ohio-3583, at ¶ 11. A showing of manifest injustice "is an extremely high standard, which permits a defendant to withdraw his guilty plea only in extraordinary cases." Id. A trial court's decision to grant or deny a Crim. R. 32.1 motion "is committed to the sound discretion of the trial court, and appellate courts review a motion to withdraw a guilty plea under the abuse of discretion standard." Id. *Page 4 
 {¶ 10} In Colon, supra, at ¶ 15, the Ohio Supreme Court held that a criminal defendant's indictment for robbery under R.C. 2911.02(A)(2) was defective because it failed to include the mental element of "recklessness," i.e., it failed to charge that "the physical harm was recklessly inflicted." The court further held that the defect in the indictment constituted a constitutional, structural error.
 {¶ 11} We note that at least one Ohio appellate district has foundColon to be inapplicable in cases where a defendant has entered a guilty plea (and consequently was not tried under the indictment). SeeState v. McGinnis, Van Wert App. No. 15-08-07, 2008-Ohio-5825, at ¶ 26
(distinguishing Colon on the basis that a defendant's entry of guilty plea waives any alleged errors in the indictment; "[t]his Court is not persuaded that the Court in Colon overruled the longstanding waiver rules with regard to guilty pleas"); State v. Gant, Allen App. No. 1-08-22, 2008-Ohio-5406, at ¶ 13 (same).
 {¶ 12} However, even assuming the holding in Colon to be applicable to situations in which a defendant has entered a guilty plea, we agree with the trial court that the decision in Colon does not mandate granting appellant's request to withdraw his pleas. In case No. 07CR-1558, appellant was charged with aggravated robbery under R.C. 2911.01(A)(1). This court has previously held that Colon is not applicable to a conviction for aggravated robbery under R.C. 2911.01(A)(1). State v.Ferguson, Franklin App. No. 07AP-640, 2008-Ohio-3827, at ¶ 50 ("because a violation of that provision [R.C. 2911.01(A)(1)] requires no intent beyond that required for the theft offense, the state did not err by omitting the mens rea of recklessness in the indictment").
 {¶ 13} Further, in case No. 07CR-1387, appellant entered guilty pleas to Counts 1, 9, and 25, which although charging him with aggravated robbery under *Page 5 
R.C. 2911.01(A)(3), alternatively charged him under R.C. 2911.01(A)(1). Thus, even assuming, without deciding, that Colon would be held applicable to a charge of aggravated robbery under R.C. 2911.01(A)(3), we agree with the state's contention that Colon is inapplicable to the alternative counts under R.C. 2911.01(A)(1) to which appellant entered admissions of guilt.
 {¶ 14} Finally, the holding in Colon does not implicate appellant's entry of a guilty plea to aggravated burglary under Count 4 of the indictment in case No. 07CR-1387. State v. Davis, Cuyahoga App. No. 90050, 2008-Ohio-3453, at ¶ 21 (Colon inapplicable to indictment charging defendant with aggravated burglary; "burglary statutes are not controlled by R.C. 2901.21 because they contain a mental state — namely purposefully," and "the mental state required by trespassing — namely, knowingly — is incorporated by reference into the burglary statutes").
 {¶ 15} Based upon the foregoing, appellant has not demonstrated a manifest injustice warranting withdrawal of his guilty pleas based upon the holding in Colon, supra, and, therefore, the trial court did not abuse its discretion in denying the motions to withdraw guilty pleas in case Nos. 07CR-1387 and 07CR-1558. Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of
Common Pleas is hereby affirmed.
Judgment affirmed.
 BRYANT and GREY, JJ., concur.
GREY, J., retired of the Fourth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1