OPINION
{¶ 1} In this appeal, defendant-appellant, Michael Straughter, appeals from a judgment of the Franklin County Court of Common Pleas, which denied his motion to withdraw his guilty plea.
 {¶ 2} On June 13, 2006, appellant was indicted on: three counts of aggravated robbery with specification in violation of R.C. 2911.01, felonies of the first degree; six counts of robbery with specification in violation of R.C. 2911.02, felonies of the second degree; one count of kidnapping with specification in violation of R.C. 2905.01, a felony of the first degree; and one count of felonious assault in violation of R.C. 2903.11, a felony of the first degree. On March 27, 2007, appellant entered a guilty plea to two counts of *Page 2 
aggravated robbery with specification (Counts 1 and 2 of the indictment), and the trial court sentenced appellant accordingly. Appellant did not file a direct appeal.
 {¶ 3} On June 6, 2008, appellant filed with the trial court a motion to withdraw his guilty plea. Appellant asserted that the indictment was structurally defective, relying upon the Supreme Court of Ohio's recent decision in State v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624
("Colon I"). The state opposed appellant's motion. By decision and entry filed on August 19, 2008, the trial court denied appellant's motion on the basis that Colon I had no application to appellant's case.
 {¶ 4} On appeal, appellant sets forth the following single assignment of error for this court's review:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO PERMIT WITHDRAWAL OF THE PLEA, IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW.
 {¶ 5} In his single assignment of error, appellant argues that the trial court abused its discretion in denying his motion to withdraw his guilty plea. Appellant argues that the Supreme Court of Ohio's recent decision in Colon I, supra, mandates that he be permitted to withdraw his guilty plea because the indictment was defective as failing to include the mens rea of the crimes. We disagree.
 {¶ 6} A post-sentence motion to withdraw a plea under Crim. R. 32.1 "will only be granted in order to correct `manifest injustice.'"State v. Price, Washington App. No. 07CA47, 2008-Ohio-3583, at ¶ 11. A showing of manifest injustice "is an extremely high standard, which permits a defendant to withdraw his guilty plea only in extraordinary cases." Id. A trial court's decision to grant or deny a Crim. R. 32.1 motion "is committed *Page 3 
to the sound discretion of the trial court, and appellate courts review a motion to withdraw a guilty plea under the abuse of discretion standard." Id.
 {¶ 7} In Colon I, supra, at ¶ 15, the Supreme Court of Ohio held that a criminal defendant's indictment for robbery under R.C. 2911.02(A)(2) was defective because it failed to include the mental element of "recklessness," i.e., it failed to charge that "the physical harm was recklessly inflicted." The court further held that the defect in the indictment constituted a constitutional, structural error.
 {¶ 8} First, we note that several Ohio appellate districts have foundColon I to be inapplicable in cases where a defendant has entered a guilty plea (and consequently was not tried under the indictment). See, e.g., State v. Smith, Lucas App. No. L-07-1346, 2009-Ohio-48, at ¶ 10
("Upon review, we find that the fact that appellant entered a guilty plea and did not proceed to trial distinguishes this case from ColonI. The Colon I decision was largely based on the multiple errors that occurred at trial. Moreover, `[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'"); State v. Hayden, Cuyahoga App. No. 90474, 2008-Ohio-6279; State v. McGinnis, Allen App. No. 15-08-07;State v. Ellis, Guernsey App. No. 2007-CA-456, 2008-Ohio-7002.
 {¶ 9} However, even assuming the holding in Colon I to be applicable to situations in which a defendant has entered a guilty plea, we agree with the trial court that the decision in Colon I does not mandate granting appellant's request to withdraw his plea. In this case, appellant was charged with and pled guilty to aggravated robbery *Page 4 
under R.C. 2911.01(A)(1). This court has previously held that ColonI is not applicable to a conviction for aggravated robbery under R.C. 2911.01(A)(1). State v. Mills, Franklin App. No. 08AP-687,2008-Ohio-6609; State v. Ferguson, Franklin App. No. 07AP-640,2008-Ohio-3827, at ¶ 50 ("because a violation of that provision [R.C. 2911.01(A)(1)] requires no intent beyond that required for the theft offense, the state did not err by omitting the mens rea of recklessness in the indictment"); see, also, State v. Wharf (1999),86 Ohio St.3d 375, paragraphs one and two of the syllabus.
 {¶ 10} Lastly, even if appellant were able to overcome the above hurdles, the trial court was still correct in denying appellant's motion. The Supreme Court of Ohio reconsidered Colon I in State v.Colon, 119 Ohio St.3d 204, 2008-Ohio-3749 ("Colon II"), and specifically stated that its decision in Colon I was "only prospective in nature," meaning it is applicable only to those cases pending on the dateColon I was announced. Id. at ¶ 3, 5. Because appellant's case had concluded on May 9, 2007, and, therefore, was not pending on April 9, 2008 when Colon I was announced, it has no application herein.
 {¶ 11} Based upon the foregoing, appellant has not demonstrated a manifest injustice warranting withdrawal of his guilty plea, and, therefore, the trial court did not abuse its discretion in denying appellant's motion. Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
 BROWN and TYACK, JJ., concur. *Page 1