DECISION AND JUDGMENT
{¶ 1} Appellant, Deven Treft, appeals final judgments of the Wood County Court of Common Pleas, journalized on December 10, 2007, in two criminal cases, trial court case numbers 2006CR0033 and 2006CR0228. Under the judgments, he was resentenced for four convictions based upon guilty pleas. The convictions in 2006CR0033 were for escape (a violation of R.C. 2931.34 and a fifth degree felony) and for failure to comply *Page 2 
with specification (a violation of R.C. 2921.331(B) and a third degree felony). In 2006CR0228, the convictions were for failure to appear (a violation of R.C. 2937.99 and a fourth degree felony) and for failure to comply with specification (a violation of R.C. 2921.331(B) and a third degree felony).
 {¶ 2} Treft pled guilty to all four offenses on July 18, 2006. The trial court accepted his guilty pleas and originally imposed sentence in judgments journalized in August 2006. Treft appealed. On appeal, we affirmed the August 2006 judgments, in part, and reversed in part. State v. Treft, 6th Dist. Nos. WD-06-067 and WD-06-068, 2007-Ohio-2666, ¶ 15. We upheld the validity of appellant's guilty pleas. Id. at ¶ 11. We reversed the sentences and remanded for new sentencing, due to changes in Ohio's sentencing laws caused by the intervening decision ofState v. Foster, 109 Ohio St. 1, 2006-Ohio-856. State v. Treft at ¶ 13 and 15.
 {¶ 3} On remand, the trial court resentenced appellant in judgment entries journalized on December 10, 2007. Appellant appeals those judgments. He asserts one assignment of error on appeal:
 {¶ 4} "Assignment of Error No. 1.
 {¶ 5} "The appellant was denied his fundamental constitutional rights to a grand jury indictment and to notice of all the essential elements of an offense with which he is charged, in that the indictments in case number 2006CR0033 and 2006CR0228 are defective in that they do not include the required mens rea of the offenses charged." *Page 3 
 {¶ 6} The assigned error is based on the Ohio Supreme Court's decisions in State v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624
("Colon I") and State v. Colon, 119 Ohio St.3d 204, 2008-Ohio-3749
("Colon II") (on reconsideration). The Colon decisions were issued after we remanded these cases to the trial court for resentencing. The decisions considered circumstances where "an indictment fails to charge a mens rea element of a crime and the defendant fails to raise that defect in the trial court." Colon I at syllabus. Appellant raises this challenge to the indictments for the first time on appeal.
 {¶ 7} Despite the broad wording to the assignment of error, appellant expressly limited his claims on appeal to Count 2 of case number 2006CR0033 (failure to comply) and Counts 1 and 2 of case number 2006CR0228 (failure to appear and failure to comply). Appellant has not challenged the indictment for his conviction of escape.
 Effect of Guilty Pleas {¶ 8} This court has previously considered an appeal based upon a claimed mens rea structural defect to an indictment that was asserted for the first time on appeal and in a case where the defendant was convicted pursuant to a guilty plea. State v. Smith, 6th Dist. No. L-07-1346, 2009-Ohio-48. We recognized that a guilty plea precludes subsequent "independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea" and, therefore, precluded challenges to the constitutionality of indictments under Colon I where conviction is based upon a guilty plea. Id. at ¶ 10, quoting Tollett v. Henderson (1973), 411 U.S. 258, 267 andState v. *Page 4 Spates (1992), 64 Ohio St.3d 269, 272; accord State v. Straughter, 10th Dist. No. 08AP-777, 2009-Ohio-641; State v. Hayden, 8th Dist. No. 90474,2008-Ohio-6279; State v. McGinnis (Nov. 10, 2008), 3d Dist. No. 15-08-07. We conclude that appellant's assignment of error is without merit on the basis of his guilty pleas alone.
 {¶ 9} Even were traditional concepts of waiver by pleading guilty to an offense deemed not to apply to Colon type errors in indictments, appellant's claims would nevertheless fail on the merits. There were no mens rea errors to the indictments for failure to comply. While the indictment for failure to appear lacked the required element of recklessness, structural error analysis does not apply and appellant failed to meet his burden of establishing plain error.
 Indictments for Failure to comply with specification {¶ 10} R.C. 2921.331(B) provides:
 {¶ 11} "(B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop."
 {¶ 12} A violation of R.C. 2921.331(B) constitutes the offense of "failure to comply with an order or signal of a police officer." R.C. 2921.331(C)(1). A violation of the statute is a first degree misdemeanor. R.C. 2921.331(C)(2). The seriousness of the offense and the penalty is enhanced under specifications listed in R.C. 2921.331(5)(a). *Page 5 
 {¶ 13} R.C.2921.331(C)(5)(a) provides that the offense is raised to a felony of the third degree if the jury or judge as trier of fact finds any of the listed specifications beyond a reasonable doubt. The specification concerned here is set forth in R.C. 2921.331(C)(5)(a)(ii): "[t]he operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property." Appellant was charged with two separate instances of failure to comply. The 2006CR0033 indictment concerns a failure to comply on January 1, 2006. The 2006CR0228 indictment concerns a failure to comply on May 7, 2006. Both included a specification under R.C. 2921.331(C)(5)(a)(ii).
 {¶ 14} In indictment in 2006CR0033 charged:
 {¶ 15} "Count 2: On or about January 1st, 2006, at Wood County the defendant, Deven L. Treft did: operate a motor vehicle, as defined in section 4501.01 of the Revised Code, so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop, in violation of the Ohio Revised Code Title 29, Section 2921.331 and against the peace and dignity of the State of Ohio.
 {¶ 16} "Specification: The Grand Jurors further find and specify that the operation of the motor vehicle caused substantial risk of serious physical harm to persons or property." (Emphasis added.)
 {¶ 17} The indictment in 2006CR0228 charged: *Page 6 
 {¶ 18} "Count 2: On or about May 7, 2006, at Wood County the defendant, Deven L. Treft did: operate a motor vehicle, as defined in section 4501.01 of the Revised Code, so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop, in violation of the Ohio Revised Code Title 29, Section 2921.331(B) and against the peace and dignity of the State of Ohio.
 {¶ 19} "Specification: The Grand Jurors further find and specify that the operation of the motor vehicle caused a substantial risk of serious physical harm to persons or property." (Emphasis added.)
 {¶ 20} These indictments both include a mens rea element for a conviction for failure to comply. The Supreme Court of Ohio has identified the "culpable mental state" under R.C. 2921.331(B) to be willfulness. State v. Fairbanks, 117 Ohio St.3d 543, 2008-Ohio-1470, ¶ 14. Both indictments charged that appellant acted willfully in failing to comply with an order or signal of a police officer.
 {¶ 21} The Supreme Court of Ohio has also held that an R.C. 2921.331(C)(5)(a)(ii) specification "involves no issue of intent or culpability, and no inquiry into the defendant's state of mind with respect to that element is contemplated or necessary." Id. at ¶ 11. The specification "imposes strict criminal liability." Id. ¶ 14. Accordingly, there is no mens rea element to include in the indictment as an element of proof for a finding of the specification. *Page 7 
 {¶ 22} As both indictments for failure to comply included an allegation that appellant acted "willfully to elude or flee a police officer," we conclude that there is no mens rea defect in either indictment as to the offense of failure to comply. The addition of the specification under R.C. 2921.331(C)(5)(a)(ii) added no additional mens rea element. Accordingly, we conclude that appellant's claim of error in the indictments for failure to comply are without merit.
 Indictment for Failure to Appear {¶ 23} Appellant was charged with the offense of failure to appear under Count 1 to the indictment in case number 2006CR0228. The indictment provides:
 {¶ 24} "Count 1: On or about April 25th, 2006, at Wood County the defendant, Deven L. Treft did: fail to appear as required after having been released pursuant to Section 2937.29 of the Revised Code, the release being in connection with a felony charge in case number 06CR033, in violation of the Ohio Revised Code Title 29, Section 2937.99 and against the peace and dignity of the State of Ohio."
 {¶ 25} Failure to appear after release pursuant to R.C. 2937.29 is a criminal offense under R.C. 2937.99(A). The statute provides:
 {¶ 26} "(A) No person shall fail to appear as required, after having been released pursuant to section 2937.29 of the Revised Code. Whoever violates this section is guilty of failure to appear and shall be punished as set forth in division (B) or (C) of this section." *Page 8 
 {¶ 27} We have previously held that the offense of failure to appear is not a strict liability offense and that proof of recklessness is an element of the offense. State v. Kelley (Feb. 2, 2001), 6th Dist. No. L-99-1405. The state admits that the indictment is defective for failure to include recklessness as an element but argues that structural error analysis is not appropriate under a Colon II analysis and the issue can be raised for the first time on appeal only upon a showing of plain error.
 {¶ 28} Even were the claim not waived by appellant's guilty plea, we conclude that structural analysis does not apply to the defect in the indictment. The Ohio Supreme Court has limited the syllabus in ColonI to the facts in that case. Colon II at ¶ 8. This court has limited the application of Colon I structural defect analysis to indictments for the same offense considered in Colon I; that is, to violations of R.C. 2911.01(A)(2), robbery, alone. State v. Walker, 6th Dist. No. L-07-1156,2008-Ohio-4614, ¶ 72; State v. Solether, 6th Dist. No. WD-07-053,2008-Ohio-4738, ¶ 91; see State v. Buford, 178 Ohio App.3d 640,2008-Ohio-5505, ¶ 12. We decline to extend Colon I analysis to indictments for failure to appear, violations of R.C. 2937.99.
 {¶ 29} As appellant failed to raise objections to the indictments in the trial court and structural error analysis does not apply, consideration of the issue on appeal is limited to plain error analysis. It is the burden of a defendant to prove that plain error affected his substantial rights. State v. Perry, 101 Ohio St.3d 118, 2004-Ohio-297, ¶ 14.
PGPage 9
 {¶ 30} Appellant, however, has made no plain error argument to this court. He has not claimed that he would not have pled guilty had the indictment provided that the state was required to prove recklessness to convict for the offense of failure to appear. At the plea hearing, the prosecutor stated the evidence upon which the failure to appear charge was based. He stated that appellant was released upon his own recognizance under R.C. 2937.29 in case number 2006CR0033 involving two felony charges and that appellant failed to appear at a scheduled court date in Wood County, Ohio on April 25, 2006. The trial court conducted a Crim. R. 11 colloquy. Appellant does not claim that his guilty pleas and associated waivers of constitutional rights are invalid due to the defect in the indictment. We conclude appellant has failed to meet his burden of establishing that the defect in the indictment affected his substantial rights and constituted plain error.
 {¶ 31} We find that appellant's Assignment of Error No. I is not well-taken. Appellant assigns no other error in this appeal.
 {¶ 32} On consideration whereof, the court finds that substantial justice has been done the party complaining, and that the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County. *Page 10 
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, J., William J. Skow, P.J., CONCUR. *Page 1