[Cite as *State v. Bullock*, 2016-Ohio-3140.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 15AP-832 |
| v. | : | (C.P.C. No. 14CR-1509) |
| Kevin Bullock, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on May 24, 2016

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Sheryl A. Prichard*, for appellee.

**On brief:** *Cooper & Pennington Co., LPA*, and *Crysta R. Pennington*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Kevin Bullock, appeals from a judgment of the Franklin County Court of Common Pleas which denied appellant's July 24, 2015 motion to withdraw guilty plea. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On March 24, 2014, a grand jury indicted appellant on two counts of aggravated arson, one count of inducing panic, and one count of possessing criminal tools. Appellant, represented by counsel, entered a guilty plea to "the stipulated lesser included offense of * * * Attempt[ed] Aggravated Arson a felony of the 3rd degree pursuant to [R.C.] 2923.02 as it relates to [R.C.] 2909.02," and plaintiff-appellee, State of Ohio, requested a nolle prosequi on the remaining counts. (Entry of Guilty Plea, 1.) The

guilty plea signed by appellant recognized that the maximum prison term for the offense is 36 months, that the prosecution and defense jointly recommended a sentence of 24 months, and that the offense carried a lifetime registration requirement. On the same day, appellant signed the notice of duties to register as an arson offender.

{¶ 3} At the September 30, 2014 hearing on the matter, appellant stated that he understood the nature of the offense he pled to, which the court relayed as "the stipulated lesser included offense * * *, that being attempted aggravated arson, 2923.07 and 2909.02, and it's a felony three." (Tr. 18.) Appellant likewise stated he understood the maximum penalty of the offense, the jointly recommended sentence, the mandatory post-release control, and his duty to register, which the court detailed. He confirmed he signed the plea form and the notice of registration duties. Appellant had questions for the court regarding his eligibility for judicial release and his chances at trial and spoke off record with trial counsel and the alleged victim, his fiancée, prior to again affirming that he would plead guilty. Also during the hearing, appellant told the court that his fiancée admitted she lied and attempted to provide another statement to the prosecutor, but, even so, appellant is "still agreeing to the sentence." (Tr. 20.)

{¶ 4} On October 2, 2014, the trial court sentenced appellant to the jointly recommended 24-month prison term, with 209 days of jail-time credit, and 3 years of post-release control. Appellant did not file an appeal.

{¶ 5} On July 24, 2015, appellant filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. In his motion, appellant argued that his plea was not knowingly, intelligently, and voluntarily made because the "Criminal Case Detail" stated "2909.02 Attempted Aggravated Arson (spec. Attempt) Pleas of Guilty to LIO F3," which he did not think accurately reflected his plea, and because the offense, a third-degree felony, should have carried the minimum nine-month sentence under R.C. 2929.14(A)(3)(b). (Motion to Withdraw Guilty Plea, 2.)

{¶ 6} On August 10, 2015, the trial court denied appellant's motion finding appellant is not entitled to withdraw his plea to correct any manifest injustice. From this denial, appellant filed a timely appeal to this court.

## II. ASSIGNMENT OF ERROR

{¶ 7} Appellant assigns the following assignment as error:

APPELLANT WAS PREJUDICED BY INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

## III. STANDARD OF REVIEW

{¶ 8} Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Thus, in post-sentence motions under Crim.R. 32.1, the trial court is required to determine whether granting the motion is necessary to correct a manifest injustice. *State v. Knowles*, 10th Dist. No. 10AP-119, 2011-Ohio-4477, ¶ 11, *discretionary appeal not allowed*, 140 Ohio St.3d 1455, 2014-Ohio-4414.

{¶ 9} "Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Williams*, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, ¶ 5. Manifest injustice " 'is an extremely high standard, which permits a defendant to withdraw his guilty plea only in extraordinary cases.' " *State v. Tabor*, 10th Dist. No. 08AP-1066, 2009-Ohio-2657, ¶ 6, quoting *State v. Price*, 4th Dist. No. 07CA47, 2008-Ohio-3583, ¶ 11. "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus.

{¶ 10} An appellate court will not reverse a trial court's denial of a motion to withdraw a plea absent an abuse of discretion. *State v. Totten*, 10th Dist. No. 05AP-278, 2005-Ohio-6210, ¶ 5. " 'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

## IV. DISCUSSION

{¶ 11} Under his assignment of error, appellant argues that his trial counsel was ineffective in several ways that led to him to not enter a guilty plea knowingly and voluntarily. Specifically, appellant contends trial counsel failed to negotiate a plea or better advise him as to his plea in light of the victim's alleged repudiation of her story, trial counsel failed to disclose to appellant the requirements for registration as a result of his

plea, and trial counsel failed to advise appellant regarding the plea deal read by the court which appellant alleges is different than what appellant thought he had signed. According to appellant, without these deficiencies, "the outcome of the case would likely have been different." (Appellant's Brief, 16.)

{¶ 12} Appellant did not raise these issues to the trial court in his motion to withdraw the guilty plea. " '[F]ailure to present an argument in a post-sentence motion to withdraw a guilty plea waives the argument for purposes of appeal.' " *State v. Barrett*, 10th Dist. No. 11AP-375, 2011-Ohio-4986, ¶ 13, quoting *Totten* at ¶ 9. *See also State v. Nelson*, 10th Dist. No. 11AP-720, 2012-Ohio-1918, ¶ 20. Thus, appellant waived these arguments by failing to include them in his motion to withdraw guilty plea, and we decline to consider these arguments in the first instance.

{¶ 13} Accordingly, appellant's sole assignment of error is overruled.

## V. CONCLUSION

{¶ 14} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and LUPER SCHUSTER, JJ., concur.

_____